CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 23 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EARL MILLS, <br> Plaintiff, | ) <br> ) Civil Action No. 7:07cv00097 <br> ) |
| v. | ) MEMORANDUM OPINION <br> ) |
| UNITED STATES OF AMERICA, <br> Defendant. | ) By: Samuel G. Wilson <br> ) United States District Judge |

This is an action by plaintiff Earl Mills against the United States for the recovery of money Mills paid to the United States in satisfaction of a $15,000 fine the court imposed when it sentenced Mills.[1] Essentially, Mills claims that the court improperly set his monthly fine payment schedule at $1,860.25, the amount of his net monthly benefit payment from the United States Railroad Retirement Board, because those benefits are exempt from consideration pursuant to 18 U.S.C. § 3613(a) and 26 U.S.C. § 6334(a)(6). In response to Mills' challenge, the court entered an amended judgment in his criminal case reducing Mills' payment to $25 per month, which Mills could satisfy from his prison employment without resorting to his railroad retirement benefits. The court now finds that it lacks jurisdiction to entertain Mills claim for the return of the money he has already paid because sovereign immunity bars that claim, and that even if it had jurisdiction, Mills consented to the fine payment schedule. Accordingly, the court dismisses Mills' suit.

I.

Pursuant to a written plea agreement, on September 30, 2004, Mills pled guilty to conspiring to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. On April 7, 2005, the court sentenced him to 100 months incarceration, followed by a five-year term of supervised release. The court also ordered that he pay a special assessment of $100 and a fine of

---

[1] See Criminal Case No. 7:04cr00072, docket #327.

$15,000. In setting the schedule of payments, the court, at the recommendation of the government at the sentencing hearing, ordered the $15,000 fine to be paid in monthly payments equal to the amount of his monthly benefits ($1,862.25) from the U.S. Railroad Retirement Board, or $100 a month if those benefits ceased. At the hearing, Mills' counsel responded that there would be "no objection" to the court ordering the recommended payment schedule, and Mills did not appeal. Instead, it was not until over one year later that Mills first challenged the fine payment schedule. Mills does not dispute the fact that the court had authority to order him to pay the fine. Rather, Mills claims that the court exceeded its authority when it ordered him to pay his fine in installments equal to the amount he receives each month from his railroad retirement benefits. Mills claims that his railroad retirement funds should not have been considered in setting his fine payment schedule pursuant to 18 U.S.C. § 3613(a)(1) ( . . . a judgment imposing a fine may be enforced against all property rights to property of the person fined, except that – property exempt from levy for taxes pursuant to section 6334(a) . . .(6) . . . of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal Law") and 26 U.S.C. § 6334(a)(6) (exempting from levy annuity or pension payments under the Railroad Retirement Act).

## II.

As sovereign, the United States is immune from all suits against it absent express waiver of its immunity. United States v. Sherwood, 312 U.S. 584, 586 (1941). A waiver of sovereign must be explicit, United States v. King, 395 U.S. 1, 4 (1969), and all waivers of sovereign immunity must be "strictly construed . . . in favor of the sovereign," Lane v. Pena, 518 U.S. 187, 192 (1996). For that reason, it is the plaintiff's burden to show an unequivocal waiver of sovereign immunity. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). If plaintiff fails to meet this burden,

the court must dismiss the claim.[2] Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). In this case, the court finds that the United States has not waived sovereign immunity so as to permit a monetary award and furthermore, any claim for prospective relief is now moot because, pursuant to the court's amended judgment entered February 2, 2007 which reduced his fine payment schedule to $25 per month, Mills payments are based on his prison income. See Criminal Case No. 7:04cr00072, docket # 443. Moreover, even if Mills could show a waiver of sovereign immunity, his claim would still fail because Mills, through counsel, consented at sentencing to the fine payment schedule Mills now challenges. Accordingly, the court dismisses his action.

### III.

For the reasons stated, the court denies Mills' action for lack of jurisdiction and alternatively, because it lacks merit.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to the defendant.

**ENTER**: This March 22, 2007.

United States District Judge

---

[2] Because sovereign immunity advances a jurisdictional bar, the court may raise it sua sponte. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001) (citing United States v. Bein, 214 F.3d 408, 412 (3d Cir. 2000)).